# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY BLIVEN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES of AMERICA, <br><br> Defendant. | Civil Action No. <br> 15-13629-FDS |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This is an action alleging medical malpractice by physicians at a Veterans Affairs ("VA") Hospital. Plaintiff Gary Bliven is proceeding *pro se*. The complaint was filed on October 23, 2015, and substantively alleges that medical staff at the West Roxbury VA Hospital failed to diagnose and treat a stroke. The United States has moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

"Generally, a plaintiff in a medical malpractice action may carry his or her burden of proof on the issues of negligence and causation only with assistance of expert testimony." *Mitchell v. United States*, 141 F.3d 8, 13 (1st Cir. 1998). In addition, in Massachusetts, a medical-malpractice plaintiff must first present an offer of proof before a tribunal as required by Mass. Gen. Laws ch. 231, § 60B. Plaintiff here has not complied with this procedural requirement, and does not appear to have an expert witness or other expert assistance in identifying and proving the nature of his medical malpractice claim.[1] The Court has attempted to

---

[1] On January 11, 2018, plaintiff provided a letter from Dr. Susan Bergman stating that "Mr. Bliven's case deserves a rigorous review," and concluding that the case should be reviewed by a medical malpractice tribunal. That letter, however, does not constitute an offer of proof within the meaning of the statute.

accommodate plaintiff in light of his *pro se* status, and has given him more than two years to locate an appropriate expert and proceed accordingly. In the interim, no discovery has taken place, nor any other substantive progress. At the last status conference, the Court further stated it would provide plaintiff until March 8, 2018, to file an opposition to the government's motion to dismiss. However, to date plaintiff has not filed an opposition, and there is no evidence that plaintiff has secured an expert witness.

While the Court is sympathetic to plaintiff's situation, even a *pro se* plaintiff must comply with procedural and substantive legal requirements. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). That includes, among other things, taking the steps (such as seeking the approval of a medical malpractice tribunal) necessary to develop and prove a claim. Under the circumstances here, and after the passage of nearly two and a half years, this matter will be DISMISSED for failure to prosecute.

**So Ordered.**

Dated: March 14, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge